IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

MICROGRAFX LLC,

    Plaintiff,

v.

SAMSUNG TELECOMMUNICATIONS AMERICA, LLC; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG ELECTRONICS CO., LTD.

    Defendants.

Civil Action No. 3:13-cv-03599

**DECLARATION OF YOUNG JO LIM, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO DISQUALIFY MATTHEW POWERS, STEVEN CHERENSKY, AND THE TENSEGRITY LAW GROUP AS COUNSEL FOR MICROGRAFX AGAINST SAMSUNG**

I, Young Jo Lim, declare:

1. I am Director of the IP Legal Team at Samsung Electronics Co., Ltd. ("SEC"), where I have been employed since 1990. In my role as Director, I manage and oversee IP litigations involving SEC, Samsung Telecommunications America, LLC ("STA"), and Samsung Electronics America, Inc. ("SEA") (collectively "Samsung"). I work closely with Samsung's in-house attorneys and with Samsung's outside patent counsel around the world, including in the United States. I make this declaration on my own personal knowledge. If called as a witness, I could and would testify under oath to the facts set forth herein.

2. From 1998-2006, I worked as a Manager of the IP Legal Team in Samsung's IP Center. Over the years, I have made efforts to further my education in IP law by obtaining an LLM degree at Wake Forest University in the United States, and by earning admission to the New York State Bar in 2006. Also, in 2006, I was promoted to my current position, the Director of the IP Legal Team.

3. During my tenure at Samsung, I have been involved on multiple matters for which Samsung retained Weil, Gotshal & Manges LLP ("Weil") as outside counsel. When retaining Weil, Samsung often specifically requested Matthew Powers or Steven Cherensky ("Powers" and "Cherensky") to serve as lead counsel.

4. Samsung initially retained Weil in 2001. Samsung chose to retain Weil because we wanted to work with Matt Powers, based on his reputation as one of the leading patent litigation trial lawyers in the United States.

5. I am familiar with and have reviewed the history of the Samsung-Weil relationship. From 2001-2011, Weil worked on at least thirteen Samsung matters. Either Powers or Cherensky, or both, were involved in each of these matters, as indicated below:

- *Vertical Computer Systems, Inc. v. Samsung Electronics Co. Ltd. et al.* (multiple matters), Case No. 2:10-CV-00490 (E.D. Tex.); Case No. 11-cv-00298-DF (E.D. Tex.); Case No. 11-cv-00189-RS (N.D. Cal.) (2010-2011) (Powers and Cherensky involved in matter)
- *EON Corp. IP Holdings, LLC v. T-Mobile USA, Inc. et al.*, Case. No. 6:10-cv-00379-LED-JDL (E.D. Tex. 2010) (Cherensky involved in matter)
- Amicus Brief on Behalf of Samsung, *Ariad Pharm., Inc. v. Eli Lilly & Co.*, Case No. 2008-1248, 598 F.3d 1336 (Fed. Cir. 2010) (Powers and Cherensky involved in matter)
- Eastman Kodak, *Re: Certain Mobile Telephones and Wireless Communications Devices Featuring Digital Cameras*, International Trade Commission, Investigation No. 337-TA-663 (2009) (Powers and Cherensky involved in matter)
- Eastman Kodak, *Re: In the matter of Certain Digital Cameras*, International Trade Commission, Investigation No. 337-TA-671 (2009) (Powers and Cherensky involved in matter)
- *Eastman Kodak Company v. Samsung Electronics Company, Ltd. et al*, Case No. 6:08-cv-06513 (W.D.N.Y. 2008) (Powers and Cherensky involved in matter)
- *Rambus Inc., v. Samsung Electronics Co., Ltd. et al.* (multiple matters), Case No. 05-cv-02298-RMW (N.D. Cal. #1); Case No, 05-cv-00406-REP (E.D. Va.), Case No. 06-cv-00244 (N.D. Cal #2), Case No. 05-cv-00334-RMW (N.D. Cal #3) (2005-2009) (Powers and Cherensky involved in matter)
- *Semiconductor Energy Laboratory Co., Ltd. v. Samsung Electronics Co., Ltd. et al.*, Case No. 3:09-cv-00001-BBC (W.D. Wisc 2009) (Powers involved in matter)
- InterDigital, *Re: Certain 3G WCDMA Handsets*, International Trade Commission, Investigation No. 337-TA-601 (2007-2008) (Powers and Cherensky involved in matter)

- ▪ ███████████████████████████████████████
- ▪ *Mosaid Technologies v. Samsung Electronics Co., Ltd.*, Case No. 2:01-cv-04340-WJM-RJH (D. NJ 2004-2005) (Cherensky involved in matter)
- ▪ *Samsung Electronics Co., Ltd. v. Tessera Technologies, Inc. et al.*, Case No. 02-cv-05837-CW (N.D. Cal. 2002-2005) (Powers and Cherensky involved in matter)
- ▪ *Samsung Electronics Co., Ltd et al. v. Electronics for Imaging, Inc. et al.*, Case No. 02-cv-03141-MJJ (N.D. Cal. 2002) (Powers involved in matter)

6. Weil, and its attorneys, signed protective orders to protect Samsung's and the opposing party's confidential information in the *Tessera, Mosaid, Rambus, InterDigital, Semiconductor Energy Laboratory, Eastman Kodak,* and *EON Corp.* matters.

7. As of December 2013, Weil continues to serve as active counsel for Samsung in patent litigation matters.

8. Between 2001 and 2010, Samsung paid Weil at least ██████ for legal services, at least ██████ of which were for matters handled directly by Powers and Cherensky. Weil billed Samsung for ██████ for Cherensky's work (more than ██ billable hours) and ██████ for Powers work (more than ██ billable hours). Another Tensegrity attorney, Paul Ehrlich, represented Samsung as an associate at Weil. For Ehrlich's work, Weil billed Samsung for more than ██ billable hours.

9. In my role at Samsung, I have had frequent and substantive contact with both Powers and Cherensky. I communicated with them often because one or both of them usually served as lead counsel and I trusted them as primary strategic advisors and freely shared confidential information with them.

10. Powers travelled to both London and Korea in October 2008, and later Japan in December 2008, to meet with us and to discuss confidential Samsung matters.

11. Cherensky travelled to Korea to meet with us at least eleven times. These visits took place in August 2003, July, October, and December 2004, February, April, May, July, and

August 2009, and January 2011.  During these visits, Powers and Cherensky met with me and other senior members of Samsung's legal team and conferred with Samsung executives and engineers.

12.     Powers and Cherensky frequently participated on conference calls and emails with senior Samsung IP counsel and executives.  Those communications included discussions of Samsung's sensitive litigation, licensing, and settlement strategies.  Samsung's strategies were sometimes developed based on advice from Powers and Cherensky.

13.     Through these discussions, Powers and Cherensky learned of Samsung's pressure points and weaknesses in patent litigation, licensing, and settlement.  They also learned risk factors considered important to the Samsung team.  They acquired extensive knowledge of Samsung's patent litigation and settlement strategies.

14.     As legal counsel, Powers and Cherensky regularly asked me and others in the IP Legal Team for, and we provided them with, Samsung's confidential business information.  Over the years, they have gained extensive knowledge of the operations of Samsung's in-house IP legal group, including management procedures, corporate-wide data retention and storage polices, how IP issues are escalated and responded to internally, and how Samsung evaluates, values and approaches settlements.

15.     Powers and Cherensky have a great deal of knowledge of Samsung's patent litigation and settlement strategies, practices, business customs, philosophy, strengths, and weaknesses by virtue of their unique and extensive relationship as teachers to Samsung of the U.S. patent laws and legal system.

16.     Powers and Cherensky also have intimate knowledge of Samsung's sensitive confidential business and financial information.  They received confidential and trade secret

information regarding Samsung's financial status and overall profitability, as well as Samsung's patent litigation budgeting and how we value patent cases.

17. We respected Matt Powers as a top patent litigator and considered him as a teacher, trusted advisor, and friend.

18. We viewed Powers and Cherensky as equivalent to high-level in-house counsel, consulting on a wide range of Samsung's patent, licensing, litigation, and business strategies.

19. As a non-U.S. headquartered company, we relied heavily on Powers to teach our IP Legal Team and executives about the U.S. patent laws and legal system, and not just to serve as outside counsel for a specific matter.

20. Powers and Cherensky left Weil to start a new law firm, Tensegrity Law Group, in 2011. Prior to their departure, through May 2011, Cherensky communicated with Samsung in-house counsel regarding the *Vertical Computer Systems* matter.

21. In 2011, we approached Cherensky about conducting a confidential ▇▇▇▇ ▇▇▇▇ for Samsung. Cherensky, who was at that point close to leaving Weil, asked us if he could take work for Samsung with him from Weil to the his new firm, Tensegrity Law Group LLP. Cherensky subsequently submitted a pitch on behalf of Tensegrity, and we approved the work. Samsung and Tensegrity signed an engagement letter ▇▇▇▇▇▇▇ Tensegrity completed the ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ After Tensegrity completed the work, we disbursed a final payment ▇▇▇▇▇▇▇

22. Neither Tensegrity, nor Powers nor Cherensky, has ever formally terminated their relationship with Samsung.

```
```

23. Neither Powers nor Cherensky nor anyone at Tensegrity has ever approached Samsung requesting a conflict waiver due to their past representations, and we have never provided one.

24. I feel betrayed and believe that it would be unfair for Powers and Cherensky to handle this case against us given the extent of their knowledge of our confidential information. I am gravely concerned about Powers' and Cherensky's representation of Micrografx in this lawsuit.

25. In further support of the motion to disqualify, attached to this Declaration are true and correct copies of the following documents, of which I have personal knowledge:

| Exhibit A | [redacted] |
| Exhibit B | [redacted] |
| Exhibit C | [redacted] |
| Exhibit D | [redacted] |
| Exhibit E | [redacted] |
| Exhibit F | [redacted] |
| Exhibit G | [redacted] |
| Exhibit H | [redacted] |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Suwon, Republic of Korea on December 23, 2013.

By: _____
Young Jo Lim